IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMEERAH ALWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0756-O-BP |
| | § | |
| CHILD PROTECTIVE SERVICES, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated July 31, 2025, the Court granted *pro se* Plaintiff Ameerah Alwan leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 15. The Order withheld service of process in this case until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* After considering the complaint and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the complaint without prejudice.

I.      BACKGROUND

Alwan filed suit on July 15, 2025, against Defendants Child Protective Services, Alexa Holleman, and Tamika Scott ("Defendants"). ECF No. 1 at 1. Alwan sued under 42 U.S.C. § 1983 to remedy "unlawful violations of her civil rights [and] constitutional protections" in connection with a family law matter pending in state court. *Id.* She asserts that the Defendants discriminated against her through biases and racism, unlawfully removed her children from her care, and forced her to undergo unlawful mental health assessments. *Id.* Alwan claims that these actions deprived her of her constitutional rights and led to various psychological and physical harm to both her and her children. *Id.*

According to state court records that this Court judicially notices under Federal Rule of Evidence 201, there is a pending family law matter involving Alwan in the 233rd Judicial District Court of Tarrant County, under Cause Number 233-667740-19, styled "In the Interest of V.B., R.T., and E.T., Children." Alwan apparently attempted to appeal that court's temporary order dated July 16, 2025 to the Court of Appeals for the Second Appellate District of Texas at Fort Worth, in Cause Number 02-25-00505-CV. The Court of Appeals dismissed the appeal for lack of jurisdiction on October 9, 2025. There is no indication that the state trial court proceeding has concluded.

## II.   LEGAL STANDARDS

### A.   28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, § 1915(e)(2)(B) authorizes the court to screen the plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

    **B.**    *Younger* **Abstention**

Federal courts have a "virtually unflagging obligation" to decide cases within their jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue sua sponte. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

**III.**    **ANALYSIS**

The Court should abstain from exercising subject matter jurisdiction in this case because it conflicts with Alwan's ongoing state case under the *Younger* doctrine. *See Younger,* 401 U.S. 37;

*Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). Alwan's case implicates the third "exceptional circumstance" of the *Younger* abstention *doctrine* concerning "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73. Federal courts previously have abstained from ruling on cases that are inextricably connected to the important state interest of child custody. *See, e.g., Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, *1 (5th Cir. 2004) (abstaining under *Younger* from ruling on a father's challenge to a California state action that affected custody and child support).

When one of the three exceptional circumstances applies, "the *Younger* doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: '(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Marlett*, 2018 WL 5723163, at *2 (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)). If an action meets all three conditions, the court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

Here, the Court should abstain because Alwan's case meets all three conditions. First, continuation of this case would interfere with the ongoing state court proceedings and subsequent enforcement actions relating to Alwan's claims because the cases involve the same subject matter. Second, family and child custody issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566

F.2d 486, 487 (5th Cir. 1978) (holding that federal courts traditionally refuse to exercise diversity jurisdiction in domestic relations cases because of "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts"). Finally, the pending state court action, and the right to appeal adverse judgments to the applicable state appellate court, afford Alwan an adequate opportunity to raise her constitutional challenges. *See Middlesex Cty.*, 457 U.S. at 435.

On the facts presented here, and because Alwan has not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining her claims under *Younger* and dismiss her claims against Defendants without prejudice. *See Foster v. City of El Paso*, 308 F. App'x 811, 1 (5th Cir. 2009) (dismissal under *Younger* abstention without prejudice).

## IV.   CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the complaint without prejudice because *Younger* abstention applies, Alwan has not stated a claim upon which relief may be granted, and the Court should permit her to assert her claims in the appropriate state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

5

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on October 29, 2025.

                                                                                         _____
                                                                                         Hal R. Ray, Jr.
                                                                                         UNITED STATES MAGISTRATE JUDGE